## Case No. 369.

### In re ANDREWS.

### [1 Hask. 87.][1]

District Court, D. Maine.    Feb., 1867.

ARMY—ENLISTMENT OF MINOR—DISCHARGE ON REQUEST OF PARENT OR GUARDIAN.

A minor, who has enlisted in the army of the United States without the consent of his parent or guardian, must be discharged on request of his father.

[See, also, U. S. v. Wright, Case No. 16,777.]

Habeas corpus. A father asks the discharge of his minor son from an enlistment in the army, made without the father's consent.

Nathan Webb and Thomas Amory Deblois, for petitioner.

FOX, District Judge. The act of [March 16] 1802 [section 11, 2 Stat. 134] provided that no person under the age of twenty-one should be enlisted by any officer without the consent of his parent, guardian, or master, first had or obtained. The same provision is found in the act of 1813; but by act of [December 10] 1814, c. 10, §§ 1, 2, [3 Stat. 146,] the enlistment of men between the ages of eighteen and fifty was authorized; and it further provided, that such enlistment should be absolute and binding upon all parties under the age of twenty-one years; but any recruit might at any time within four days from his enlistment, reconsider and withdraw his enlistment. The third section repealed so much of the fifth section, of the act of [January 13] 1813 [3 Stat. 791, c. 12] as required the consent of the parent to the minor's enlistment. By act of [March 3] 1815, [3 Stat. 224,] entitled "an act fixing the military peace establishment of the United States," it was provided that the men should be recruited in the same manner, and with the same limitations, as are authorized by act of 1802. This revived the provision of the act of 1802, and restored the requirement of the consent of the parent to the enlistment of the minor. The act of 1814, I consider repealed, and the provision of the act of 1802 in this respect revived. The act of September 28, 1850, [section 5, 9 Stat. 507,] makes it the duty of the secretary of war to order the discharge of any soldier of the army, who at the time of his enlistment was under the age of twenty-one years,

upon evidence being produced to him that such enlistment was without the consent of his parent or guardian. I consider this as only affording a more speedy redress to the parent, and conferring on the secretary of war the power, or rather charging him with the duty, of granting a discharge in such a case. Before this, it might be necessary to apply to the courts for a discharge, and in some cases the soldier might be in the Indian Territory, or some other locality where the order of the court could not be had. The duty therefore devolved on the secretary of war to grant a discharge. There is nothing which can be construed as legalizing such enlistment. The next act I find is that of [February 13] 1862, c. 25, [12 Stat. 339,] which by the second section repeals the fifth section of the act of September 28. 1850. The repeal of this section leaves the law as it was before the act of 1850 was passed. The authority, which was by that section conferred on the secretary of war, was by its repeal simply withdrawn, and it did not in any way touch the validity of the enlistment, or the power of the court over it. I have no doubt that the enlistment is illegal as against the parent, being without his consent, and that the minor should be discharged therefrom. Vide act of [February 24] 1864, c. 13, [13 Stat. 6,] and [act of July 4. 1864,] c. 237, [13 Stat. 379,] and act of [March 3] 1865, [15 Stat. 487.]

Discharge ordered.